IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BANCORPSOUTH BANK,

      Plaintiff,

v.                                                                                      No. 04-2420-B/An

JUSTIN HERTER a/k/a BARRY J.
HERTER, CAPITOL MANAGEMENT,
INC., ROBERT POWELL, JANET
POWELL and SILVESTRE LOERA,

      Defendants.

---

## ORDER PERMITTING PLAINTIFF TO CONDUCT LIMITED DISCOVERY

---

On September 22, 2005, the Court conducted a status conference with the attorneys for the parties in this cause. Three of the Defendants, Robert Powell, Janet Powell and Silvestre Loera (collectively "Powell"), have filed bankruptcy. The Plaintiff, BancorpSouth Bank ("Bank"), recognizing that this action was stayed as to these three Defendants, nonetheless, desired to proceed with discovery as to the other Defendants. To the extent that any discoverable information as to the non-bankrupt Defendants might be in the possession or knowledge of the Powell Defendants, Plaintiff seeks to depose Powell on that information. The Court directed the parties to submit any authority on the issue of the Powell Defendants' discovery within ten days of the status conference.

On September 29, 2005, the Court received from Attorney Pat Caldwell, representing the Bank, some authority which would indicate that the automatic stay which normally proceeds from the filing of bankruptcy does not necessarily protect a debtor from discovery where

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-19-05

multiple defendants have been sued as long as the discovery sought pertains to claims against the non-bankrupt defendants. The Plaintiff cites In re: Miller, 262 B.R. 499 (9th Cir. BAP 2001). In that case, the court determined that the automatic stay did not prevent the Chapter 13 debtor from having to respond to discovery requests in a multidefendant case in which the debtor was a defendant, as long as the discovery sought related only to the creditor's claims against the other, non-debtor defendants. In re: Miller, 262 B.R. at 505-507. No authority in opposition to this position has been presented by the Defendants.

The Court determines that to allow the discovery of the debtors under this limited circumstance does not run afoul of the automatic stay under the Bankruptcy Act and, therefore, the Court will permit the discovery of the debtors to the limited extent as set forth herein.

**IT IS SO ORDERED** this 18th day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 34 in case 2:04-CV-02420 was distributed by fax, mail, or direct printing on October 19, 2005 to the parties listed.

---

J. Patrick Caldwell
RILEY CALDWELL CORK AND ALVIS
P.O. Box 1836
207 Court St.
Tupelo, MS 38804

James S. Strickland
KUSTOFF & STRICKLAND
44 N. Second St.
Ste. 502
Memphis, TN 38103

Kevin A. Snider
SNIDER HORNER & NEW, PLLC.
7700 Poplar Ave.
Ste. 212
Germantown, TN 38138

Catherine B. Clayton
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

Honorable J. Breen
US DISTRICT COURT