IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BANCORP SOUTH BANK,

    Plaintiff,

v.  No. 04-2420 B

JUSTIN HERTER a/k/a BARRY J. HERTER
and CAPITOL MANAGEMENT, INC.,

    Defendants.

_____

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND GRANTING
DEFENDANTS' MOTION TO DISMISS CLAIMS OF FRAUD
_____

On June 4, 2004, the Plaintiff, Bancorp South Bank ("Bancorp"), initiated this diversity action seeking judgment against the Defendants, Justin Herter; Capitol Management, Inc. ("Capitol"); Robert Powell; Janet Powell and Silvestre Loera, in connection with loans obtained from Bancorp and for which the Plaintiff sought payment. The Plaintiff voluntarily dismissed its claims against Loera and the Powells on August 4, 2006. Before the Court is the motion of the remaining Defendants, Herter and Capitol, for dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Plaintiff has alleged in its second amended complaint as follows. In a series of loan transactions from which this lawsuit arose, Loera and Robert Powell purportedly applied for financing through Bancorp for the purchase of investment property based on the strength of their assets. In addition, Janet Powell, Robert Powell's wife, signed some of the loan documents pledging her interest in the property. The Powells are the grandparents of Defendant Herter, who is also the brother-in-law of Loera. The Plaintiff alleges that Powell and Loera were "straw borrowers," even

though they bear responsibility for the loans, and that Herter and Capitol were in fact the "true borrowers."  The loan documents were signed by Herter pursuant to powers of attorney for the Powells.  The investment properties were subject to leases, negotiated by Herter and/or Capitol, which were, according to Bancorp, of "dubious origin, enforceability and existence, all of which [were] irregular."  (2d Am. Compl. ("Compl.") at XVI)  The loans were repaid, at least for a time, by Capitol, which was controlled by Herter.  They later went into default and became past due, at least in part because Herter closed a checking account in the name of Capitol from which loan repayments had been drafted.  In the instant motion, the Defendants argue that they are entitled to dismissal of Bancorp's claims on the grounds that it has failed to sufficiently plead fraud in order to pierce the corporate veil of Capitol to reach Herter individually or to allege fraudulent conduct on the part of Herter.[1]

Rule 12(b)(6), which permits courts to dismiss a complaint for failure to state a claim upon which relief may be granted, requires this Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."  Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  "Although this is a liberal pleading standard, it requires more than the bare assertion of legal conclusions.  Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Se. Tex. Inns, Inc. v. Prime Hospitality Corp., 462 F.3d

---

[1] Although the Defendants also contend in their motion that certain of the loan documents were signed by other individuals who have been dismissed from this suit and that the loan documents executed by Herter were pursuant to powers of attorney, these arguments go to the merits of the Plaintiff's claims and liability rather than the sufficiency of the complaint as amended.  Therefore, they will not be considered here.

666, 671-72 (6th Cir. 2006), reh'g denied (Sept. 27, 2006) (quoting NHL Players Ass'n v. Plymouth Whalers Hockey Club, 419 F.3d 462, 468 (6th Cir. 2005)).  "When a cause of action seeks to pierce the corporate veil on the basis of fraud, it is subject to Fed. R. Civ. P. 9(b)," which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Id. at 672 (citations and internal quotation marks omitted); Fed. R. Civ. P. 9(b).[2]

In Tennessee, with respect to piercing the corporate veil, "[a] corporation is presumptively treated as a distinct entity, separate from its shareholders, officers, and directors.  A corporation's separate identity may be disregarded or 'pierced,' however, upon a showing that it is a sham or a

---

[2]Rule 12(b)(6) further provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . .," which states in pertinent part that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The Defendants have attached to their motion excerpts from various depositions.  In response, the Plaintiff has moved to strike the motion on the grounds that, if it is to be treated as a motion for summary judgment, counsel for the Defendants failed to submit the filing in the form required for Rule 56 motions as set forth in the Local Rules of this district, which mandates that movants under Rule 56 "shall designate in the accompanying memorandum by serial numbering each material fact upon which the proponent relies in support of the motion . . ." LR7.2(d)(2).  However, as the Court deems it appropriate to rule without consideration of the attached documents, the motion need not be treated as one for summary judgment.  In deciding not to treat the motion as a Rule 56 filing, the Court recognizes that "Tennessee courts have generally held that, where a claim of fraud is presented, ordinarily only upon a full trial of the action can the issue properly be developed.  As a general rule, summary judgment is not an appropriate procedure for the disposition of such an issue."  Kelly v. Int'l Capital Resources, Inc., 231 F.R.D. 502, 518 n.14 (M.D. Tenn. 2005) (citations and internal quotation marks omitted). Thus, the motion to strike is DENIED.

dummy or *where necessary to accomplish justice*. A corporation's identity should be disregarded with great caution and not precipitately. The determination of whether to disregard the corporate fiction depends on the special circumstances of each case, and the matter is particularly within the province of the trial court. . . . The party wishing to pierce the corporate veil has the burden of presenting facts demonstrating that it is entitled to this equitable relief." Oceanics Schs., Inc. v. Barbour, 112 S.W.3d 135, 140-41 (Tenn. Ct. App. 2003), app. denied (Jun. 30, 2003) (internal citations and quotation marks omitted) (emphasis in original). The law of Tennessee "requires an element of fraud in order to pierce a corporate veil." Se. Tex. Inns, 462 F.3d at 673 n.12.

>   The elements of a fraud claim under Tennessee law are as follows:
>
>   (1)   an intentional misrepresentation with regard to a material fact;
>
>   (2)   knowledge of the misrepresentation's falsity that the representation was made knowingly or without belief in its truth, or recklessly without regard to its truth or falsity;
>
>   (3)   that the plaintiff reasonably relied on the misrepresentation and suffered damage; and
>
>   (4)   that the misrepresentation relates to an existing or past fact, or if the claim is based on promissory fraud, then the misrepresentation must embody a promise of future action without the present intention to carry out the promise.

Kelly, 231 F.R.D. at 517.

The Sixth Circuit's Rule 9(b) jurisprudence requires a plaintiff, "at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993) (citation and internal quotation marks omitted). That is, "at a minimum, Rule 9(b) requires that the plaintiff specify the who, what, when, where, and

how of the alleged fraud." Sanderson v. HCA-The Healthcare Co., 447 F.3d 873, 877 (6th Cir.), cert. denied, ___ U.S. ___, 127 S. Ct. 303, 166 L. Ed. 2d 155 (2006) (citation and internal quotation marks omitted). "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendants to answer, addressing in an informed way plaintiff['s] claim of fraud." Coffey, 2 F.3d at 162 (citation and internal quotation marks omitted).

Unfortunately, the complaint in this case, despite two amendments, fails to articulate the fraud which Herter allegedly perpetrated against the Plaintiff. Indeed, the second amended complaint does not even contain the word "fraud" and does not otherwise clearly express an intention on the part of the Plaintiff to set forth a fraud claim, although Bancorp insists in its response to the motion to dismiss that it successfully did so. Specifically, the complaint as amended completely fails to allege a misrepresentation, by Herter, Capitol, or anyone else for that matter, on which the Plaintiff reasonably relied. See Calipari v. Powertel, Inc., 231 F. Supp. 2d 734, 736 (W.D. Tenn. 2002) (plaintiffs' failure to allege the content of the alleged misrepresentation warranted dismissal under Rules 9(b) and 12(b)(6)). Instead, the Plaintiff claims Herter was the actual "seller" of the properties purchased by the Powells or Loera. (Compl. at XIV) Also, Herter represented the Powells at the loan closings through a power of attorney. (Compl. at XIV) Finally, Herter, based on his position as the true borrower, should be liable for the repayment of the loan. (Compl. at XVII) None of these allegations remotely set forth the elements of a claim of fraud on the part of Herter or Capitol. Accordingly, the complaint cannot be said to "place[] the defendant[s] on sufficient notice of the misrepresentation, allowing the defendants to answer, addressing in an informed way plaintiff['s] claim of fraud." See Coffey, 2 F.3d at 162. To the extent the second amended complaint purports to allege a fraud claim, the motion to dismiss is GRANTED and the

claim is DISMISSED.

While it appears to seek dismissal of the Plaintiff's case in its entirety, the Defendants' motion to dismiss does not address other claims alleged in the complaint.  As a consequence, this order grants dismissal only as to any claim against the Defendants on the basis of fraud.

IT IS SO ORDERED this 7th day of February, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE