IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BANCORP SOUTH BANK,

    Plaintiff,

v.                                                      No. 04-2420 B

JUSTIN HERTER a/k/a BARRY J. HERTER
and CAPITOL MANAGEMENT, INC.,

    Defendants.

_____

ORDER DEFERRING RULING ON PLAINTIFF'S MOTION FOR SANCTIONS
UNTIL THE PRETRIAL CONFERENCE
_____

Before the Court is the motion of the Plaintiff, Bancorp South Bank ("Bancorp") for sanctions against the Defendant, Justin Herter, for discovery abuses. On May 3, 2006, the magistrate judge granted Bancorp's first motion to compel discovery following the Defendant's failure to respond to its requests therefor. The Plaintiff again moved to compel discovery on July 26, 2006, arguing that the Defendant provided evasive and incomplete answers to interrogatories and totally failed to respond to requests for production of documents. In an order entered September 8, 2006, the magistrate judge directed Herter to respond to the requests for discovery within 20 days of the entry thereof. The magistrate judge also awarded attorney's fees and costs pursuant to Fed. R. Civ. P. 37(a)(4)(A) and cautioned the Defendant that "failure to comply with [the] Order or the requirements of the Federal Rules of Civil Procedure governing discovery requests could result in the imposition of additional sanctions, including but not limited to, a finding by the Court that certain facts are deemed admitted as a result of Defendant's non-compliance." (Order Granting Mot. to Compel at 3) Herter filed a notice of compliance on September 21, 2006, to which were attached

his amended responses to Bancorp's requests for discovery.

In the instant motion, filed November 27, 2006, the Plaintiff argues that, once again, the responses of the Defendant were evasive and incomplete. The Plaintiff seeks relief in the form of a default judgment in its favor as to liability or, in the alternative, an order setting forth that, for trial purposes, documentation "lost" by Herter would have established that he was the alter ego of Defendant Capitol Management, Inc. ("Capitol") sufficient to support a piercing of the corporate veil resulting in personal liability on Herter's part. Bancorp also requests that an order be issued imposing an adverse presumption that Defendants Herter and Capitol had information in their possession relevant to this case and that such evidence was destroyed or that Herter willfully failed to preserve or produce it.

Rule 37 of the Federal Rules of Civil Procedure provides that, if a party fails to comply with a discovery order, the court "may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(b)(2). Sanctions may include, but are not limited to, the entry of "[a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order," "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence," or "rendering a judgment by default against the disobedient party." Id. As the Plaintiff has observed, "[t]he Court may also impose sanctions based on its inherent authority. A court's inherent power 'is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Clark Constr. Group, Inc. v. City of Memphis, 229 F.R.D. 131, 137-38 (W.D. Tenn. 2005) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31,

82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).  Whether to impose sanctions lies within the province of the trial court.  Id. at 138.

Bancorp accuses Herter of spoliating documentary evidence relating to his dealings in the name of Capitol, his alter ego.  "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  Id. at 136 (citation and internal quotation marks omitted).  In support of its position, the Plaintiff cites to pages 133 through 135 of Herter's deposition, which contains the following colloquy:

> A:   . . . The microfilm that you have here is off the checkbook on that account --
>
> Q:   (Interposing) Correct.
>
> A:   (Continuing.)--that we used for operating expenses.  We also -- we also had computer checks that we used with QuickBooks to help keep the records better, and the bank does not keep that on microfilm.  So that would be part of your problem.
>
> And you would probably see those numbers on the actual check numbers that have cleared the account, and it will be referencing check numbers that don't match up with the sequences that you'll have on the actual account with the other account.
>
> Q:   Okay.
>
> A:   If you understand what I'm saying, because I would carry the checkbook paying payroll and various bills when I'm out and about; but a lot of set payments, so to speak, and things that would be handled at the office like mailing out checks to Janet or whoever, I think a lot of that was done on the QuickBooks.
>
> That would be the only reason I would know of that they wouldn't be in the statement, because we all know they got money.  They've all agreed that they've gotten money.
>
> Q:   Well, and I appreciate that.  They said they got some of their money, and they also thought that it came from a check from you; and I appreciate you

|   |   |
|---|---|
|   | saying that it came out of here, and if -- |
| A: | (Interposing.)  No, it didn't come from my personal account to my knowledge. |
| Q: | Okay. |
| A: | It should have all come from the business. |
| Q: | All right.  Well, who would have those QuickBook records of those items then? |
| A: | I don't have it. |
| Q: | Okay. |
| A: | God, that was a computer when I was married, and I don't know if my wife got that computer or if I did; and I don't even -- I have no idea.  I don't even know if either of us have the computer any more that all that work was done on. |
| Q: | Well, you've got a million dollar tax problem, and now we've got issues with QuickBooks and checks.  Do your accountants have those?  I mean, who has some record of what you're talking about? |
| A: | I wouldn't know. |

(Dep. of Justin Herter at 133-35)

While the deposition testimony does not support a finding that spoliation in fact occurred or that sanctions are just, the Court notes that each of Herter's amended responses to the requests for production of documents read, at least in part, as follows: "All of the requested documents are already in the possession and control of the Plaintiff.  The Defendant does not have any copies of any of the documents and does not have records regarding these loans as all documents were disposed of or lost after the business failed."  However, with respect to the relief sought by the Plaintiff, the Court is uncertain as to whether the documents requested would have supported a claim or defense related to any allegations of the Plaintiff which survived the Court's dismissal of the fraud

4

claim. Thus, the Court deems it necessary to defer ruling on the motion until the pretrial conference.

    IT IS SO ORDERED this 7th day of February, 2007.

                                                    s/ J. DANIEL BREEN
                                                    UNITED STATES DISTRICT JUDGE